# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARGARET THOMAS, ) | |
| ) | Case No. 1:21-cv-1275 |
| Plaintiff, ) | |
| ) | Removed from the Circuit Court of the |
| v. ) | Eleventh Judicial District of McLean |
| ) | County, No. 2021 L 86 |
| C.H. ROBINSON WORLDWIDE, INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant C.H. Robinson Worldwide, Inc. ("CHRWI"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby serves notice of the removal of this action from McLean County Circuit Court, Illinois to the United States District Court for the Central District of Illinois. Removal is proper on the following grounds:

1. Plaintiff initiated this action on or about June 30, 2021 by filing a judicial complaint in the McLean County Circuit Court, captioned as *Margaret Thomas v. C.H. Robinson Worldwide, Inc.*, Civil Action No. 2021L86 (the "State Court Action").

2. Defendant was served with a copy of the Summons and Complaint on September 9, 2021.

3. Plaintiff alleges that her employment was terminated for making a complaint about a hostile work environment and sexual harassment in violation of Illinois public policy. (*See* Compl. ¶ 21.)

### Diversity of Parties

4. Defendant removes this action on grounds of diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332.

5. Diversity jurisdiction exists under 28 U.S.C. § 1332 because Plaintiff is a citizen and resident of McLean County, Illinois (*See* Compl. ¶ 1), and Defendant is an entity organized under the laws of the State of Delaware with its corporate headquarters and principal place of business in Eden Prairie, Minnesota (*See* Compl. ¶ 2; Declaration of Lindsay Vigeant ("Vigeant Dec.," attached as Exhibit A) ¶¶ 3, 4). *See City of Galesburg v. Aecom USA, Inc.*, No. 415CV04077 SLDJEH, 2016 WL 1170902, at *1 (C.D. Ill. Mar. 24, 2016) ("For purposes of establishing diversity of citizenship, a corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.") *citing* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

**Amount in Controversy**

6. With respect to the amount in controversy, Plaintiff claims that her employment was unlawfully terminated and that she suffered lost income, which appear to be the damages she seeks, "in the form of wages, social security and other benefits, has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and she is expected to incur future damages." (*See* Compl. ¶ 22.) Plaintiff also alleges that she will seek punitive damages as well as attorneys' fees. (*See* Compl. "Wherefore" clause.)

7. Defendant believes in good faith that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). In support of its good faith belief, Defendant relies on the allegations in the Complaint, Plaintiff's prayer for relief, and Plaintiff's salary and benefits at the time of her discharge. *Woodley v. RGB Grp., Inc.*, No. 05 C 0548, 2006 WL 1697049, at *4 (N.D. Ill. June 13, 2006) (stating that "the amount of damages sought in the complaint, assuming plaintiff names a specific figure, is not dispositive; the question is the amount of damages actually at stake," considering the plaintiff "can recover

compensation for damages suffered, including reasonable litigation costs and attorney's fees, in addition to reinstatement and back pay").

8. Indeed, Plaintiff alleges she has sustained a loss of past and future income and employment benefits, as well as emotional distress, and seeks damages "in excess of Fifty Thousand ($50,000.00), punitive damages, cost [sic], fees," as well as "such other and further relief" as would be "just and appropriate."

9. For the following reasons, the matter in controversy exceeds $75,000 exclusive of interest and costs: (a) Plaintiff will seek an award of punitive damages; (b) Plaintiff will seek economic damages presumably to include an award of past and future lost earnings, including lost benefits; and (c) Plaintiff also will seek an award of attorneys' fees.

10. At the time of her discharge in June 2020, Plaintiff was earning a $24.48 per hour as a full time employee, and was also eligible for a bonus. (*See* Vigeant Dec. ¶ 6). Even assuming Plaintiff would have worked no overtime and received no pay increase between June 2020 and the present, she still would have made over $60,000 in wages during that time. Assuming Plaintiff also seeks at least one year of front pay, she will surpass the $75,000 threshold without even considering the value of her fringe benefits, her alleged emotional distress, punitive damages, or her demand for attorneys' fees. Based on Plaintiff's representations and the reasonable inferences, there is an amount in excess of $75,000 at issue in this matter.

11. This determination is supported by the allegations in the Complaint and based upon a good faith estimate. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (stating that, where a complaint provides little information about the value of claims, "a good faith estimate of the stakes is acceptable [to support removal on the basis of diversity jurisdiction] if it is plausible and supported by a preponderance of the evidence.").

**Additional Removal Requirements Have Been Met**

12. Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Central District of Illinois because this action is pending in McLean County, which is within the Central District.

13. Furthermore, no discovery has been served in this case and no substantive proceedings have occurred.

14. Pursuant to 28 U.S.C. § 1446(b), this notice is being filed within 30 days of service upon Defendant of Plaintiff's State Court Action. Pursuant to 28 U.S.C. § 1446(a), copies of the Summons and Complaint, are attached hereto as Exhibit B.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed promptly with the state court and served upon opposing counsel.

WHEREFORE, Defendant hereby removes the above-described action now pending in the McLean County Circuit Court to the United States District Court for the Central District of Illinois.

Dated: October 1, 2021                    Respectfully submitted,

                                          C.H. ROBINSON WORLDWIDE, INC.


                                 By:    */s/ Mark W. Wallin*
                                        One of Its Attorneys

                                        Mark W. Wallin
                                        BARNES & THORNBURG LLP
                                        One North Wacker Drive, Suite 4400
                                        Chicago, Illinois  60606
                                        PH: (312) 214-4591
                                        FX: (312) 759-5646
                                        mark.wallin@btlaw.com

        Douglas M. Oldham
        BARNES & THORNBURG LLP
        41 South High Street, Suite 3300
        Columbus, Ohio 43215
        PH: (614) 628-1422
        FX: (614) 628-1433
        douglas.oldham@btlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 1, 2021, the foregoing was filed with the Clerk of the Court using the CM/ECF System, which will send notification of filing to the following party of record:

>Michael G. Butts
>Wood, DeVary & Armstrong, P.C.
>207 West Jefferson Street, Suite 400
>Bloomington, Illinois 61701
>mbutts@wdalawyers.com

                                      */s/ Mark W. Wallin*