UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MARGARET THOMAS, | ) | |
| | ) | Case No. 21-cv-1275 |
| Plaintiff, | ) | |
| | ) | Judge Michael M. Mihm |
| v. | ) | |
| | ) | Removed from the Circuit Court of the |
| C.H. ROBINSON WORLDWIDE, INC., | ) | Eleventh Judicial District of McLean County, |
| | ) | No. 2021 L 86 |
| Defendant. | ) | |

**DEFENDANT C.H. ROBINSON WORLDWIDE, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant C.H. Robinson Worldwide, Inc. ("CHRWI"), by its attorneys, moves to dismiss Plaintiff Margaret Thomas's ("Plaintiff") Complaint ("Complaint") in its entirety with prejudice. In support, CHRWI states as follows:

**INTRODUCTION**

Plaintiff's purported lawsuit against her former employer, CHRWI, for supposed violation of Illinois public policy is fatally flawed on its face and thus should be dismissed with prejudice. Plaintiff's Complaint is defective for two reasons. **First**, although her allegations relate to discrimination and retaliation, she fails to allege that she exhausted her administrative remedies, which is required under the Illinois Human Rights Act ("IHRA"). **Second**, Plaintiff's purported discrimination and retaliation claims, are expressly pre-empted by the IHRA.

In short, Plaintiff is improperly seeking to back-door claims of discrimination and retaliation under the guise of Illinois public policy because she failed to file a charge in a timely manner. This, Plaintiff cannot do. Her Complaint must therefore be dismissed with prejudice.

## ALLEGATIONS OF THE COMPLAINT[1]

Plaintiff worked for CHRWI in sales under Craig Geskey's supervision. (Compl., ECF No. 1-2, ¶¶ 4, 6, 8. In December 2019, CHRWI allegedly investigated whether Plaintiff and Geskey had ever been involved in a sexual relationship. (*Id.* ¶ 7.) Plaintiff claims she was never involved in such a relationship, but that Geskey had subjected her to harassment for months. (*Id.* ¶¶ 7, 9.)

Plaintiff claims that she complained about Geskey's alleged harassment and requested to be reassigned to a different supervisor, but her request was denied. (*Id.* ¶¶ 11, 15.) She further claims Gesky retaliated against her for complaining, and that this alleged retaliation culminated in her termination on June 30, 2020. (*Id.* ¶¶ 16, 18, 21.) At no point in her Complaint (which was filed on June 30, 2021, 365 days after her termination) does Plaintiff claim she ever filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") or the Equal Employment Opportunity Commission ("EEOC") or state that she was granted a right to sue letter from either agency. (*Id.,* generally.)

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the Court must apply the plausibility standard established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although the Court must accept as true any well-pleaded factual allegations in Plaintiff's complaint, conclusory allegations are not entitled to this presumption of truth. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). After disregarding conclusory allegations, the Court must determine whether the remaining factual allegations "plausibly suggest an entitlement of relief." *Id*. Plausibility means plaintiffs have pled factual content that "allows

---

[1] CHRWI does not concede the truth of any of Plaintiff's allegations, but merely accepts them as true for purposes of this motion.

2

the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  However, "[i]f the allegations give rise to an obvious alternative explanation, then the complaint may stop [] short of the line between possibility and plausibility of entitlement to relief." *McCauley*, 671 F.3d at 616.

## ARGUMENT

Plaintiff does not include separate, clearly-identified counts in her Complaint and does not explicitly state what claim(s) she is making.  The only two claims she could logically be making are violation of the Illinois Human Rights Act ("IHRA") and common law wrongful discharge.  Because neither claim is viable, Plaintiff's Complaint should be dismissed in its entirety.

**I.    Plaintiff Has Not Exhausted Her Administrative Remedies And Is Time Barred From Doing So Now.**

Plaintiff claims she was subjected to sexual harassment and that her employment was terminated, on June 30, 2020, in retaliation for complaining about the alleged harassment. Complaint ¶ 21.  These alleged acts, if proven true (which CHRWI does not concede), would violate the IHRA, but Plaintiff may not plead them here because there is no evidence or allegations that she took the necessary steps to exhaust her administrative remedies within the statute of limitations.  The law is clear.  An aggrieved party must file a charge of discrimination with the IDHR or EEOC within 300 days after the date of the alleged civil rights violation.  775 ILCS 5/7A-102.  That aggrieved party may not file a lawsuit until the IDHR or EEOC issues them a right to sue letter, thus exhausting their administrative remedies.  *Id.*  "The IHRA has an exhaustion requirement." *Copeling v. Ill. State Toll Highway Auth.*, No. 12 C 10316, 2014 U.S. Dist. LEXIS 16874, at *10 (N.D. Ill. Feb. 11, 2014).  "Failure to comply with the IHRA's exhaustion requirements warrants dismissal of an IHRA claim." *Id.* at *11.

*Gentry v. Allied Tube & Conduit Corp.*, No. 16 C 7044, 2017 U.S. Dist. LEXIS 13088 (N.D. Ill. Jan. 24, 2017), is on point here.  In *Gentry*, the plaintiff claimed in her Complaint that she was discriminated against in violation of the IHRA.  *Id.* at *11.  However, she conceded that she failed to plead that she exhausted her administrative remedies.  *Id.*  As such, the defendant's "motion to dismiss plaintiff's IHRA claim [was] granted as a result of her failure to plead compliance with the IHRA's exhaustion requirement."  *Id.* at *13.

Likewise, here, because Plaintiff does not allege that she obtained a right to sue from the IDHR or the EEOC, the same result is warranted.  Moreover, because more than 300 days have passed since Plaintiff's termination, Plaintiff is time barred from filing an IDHR or EEOC charge of discrimination now, so the Court should dismiss her claim with prejudice.

**II.     Plaintiff's Wrongful Discharge Claim Is Preempted By The IHRA.**

To the extent Plaintiff is pleading a common law wrongful discharge claim, this claim fares no better.  Plaintiff claims her employment was terminated in retaliation for complaining about alleged harassment.  Complaint ¶ 21.  Harassment and retaliation are prohibited by the IHRA.  775 ILCS 5/2-102(D); 775 ILCS 5/6-101(A).  As such, the IHRA preempts Plaintiff's wrongful discharge claim based on these allegations.

"The IHRA preempts court claims where the basis for the claim arises from a matter covered under the Act…"  *Moore v. State Farm Mut. Auto Ins. Co.*, No. 1:15-cv-01058-JEH, 2018 U.S. Dist. LEXIS 28993, at *4 (C.D. Ill. Feb. 23, 2018), quoting *Nelson v. Realty Consulting Servs., Inc.*, 431 Fed. Appx. 502, 506 (7th Cir. 2011).  In *Moore*, for example, the plaintiff's wrongful discharge claim was based on alleged retaliation for opposing discrimination.  *Id.*  Because discrimination and retaliation are covered by the IHRA, the plaintiff's claim was preempted by the IHRA and was dismissed.  *Id.* at *4-5; *see also Fortner v. RH Wine & Co.*, No.

20 C 2375, 2020 U.S. Dist. LEXIS 170650, at *5 (N.D. Ill. Sept. 17, 2020) (dismissing wrongful discharge claim because it was based on allegation of retaliation for complaining about discrimination, meaning plaintiff's "common law retaliation claim is 'inextricably linked' to civil rights and is preempted by the Illinois Human Rights Act.").

The case currently before the Court is no different. Because Plaintiff cannot state her wrongful discharge claim without alleging harassment and retaliation, acts prohibited by the IHRA, she cannot possibly state a claim. As such, the Court should dismiss Plaintiff's wrongful discharge claim.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendant CHRWI respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and grant CHRWI all other relief to which it is entitled.

Dated: October 8, 2021

Respectfully submitted,

C.H. ROBINSON WORLDWIDE, INC.

By: */s/ Mark W. Wallin*
One of Its Attorneys

Mark W. Wallin
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
PH: (312) 214-4591
FX: (312) 759-5646
mark.wallin@btlaw.com

Douglas M. Oldham
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, Ohio 43215
PH: (614) 628-1422
FX: (614) 628-1433
douglas.oldham@btlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 8, 2021, the foregoing was filed with the Clerk of the Court using the CM/ECF System, which will send notification of filing to the following party of record:

>Michael G. Butts
>Wood, DeVary & Armstrong, P.C.
>207 West Jefferson Street, Suite 400
>Bloomington, Illinois 61701
>mbutts@wdalawyers.com


      */s/ Mark W. Wallin*